UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:08CV147-J

LIZZIE ANN GRAY                                                            PLAINTIFF

VS.

MICHAEL J. ASTRUE,
     Commissioner of Social Security                               DEFENDANT

<u>MEMORANDUM OPINION</u>

       Before the Court is the complaint of Lizzie Ann Gray ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

<u>PROCEDURAL HISTORY</u>

       On October 18, 2005, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge James E. Craig ("ALJ") determined that claimant's chronic myeloid leukemia, fibromyalgia and depression were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that during the period October 5, 2005 through November 16, 2006, there were no jobs for which she retained sufficient residual functional capacity. However, the ALJ determined that medical improvement occurred as of November 17, 2006, at which time she had the residual functional capacity for a range of sedentary. This became the final decision of the Defendant on all applications when the Appeals Council denied review on October 21, 2008.

1

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that substantial evidence fails to support the ALJ's determination that her condition has improved. She states that she continues to be on chemotherapy and has not returned to work, and points to her testimony that she will be taking Gleevec for the rest of her life. Tr. 702-703.

The ALJ indicated his understanding that Ms. Gray underwent a course of intensive chemotherapy. The ALJ did not suggest that Ms. Gray was no longer taking any medication, and specifically pointed to records indicating that once the intensive chemotherapy concluded, her fatigue improved. Tr. 20. The medical records reflect that during the period of her intensive chemotherapy, her doctor opined that she would need to lie down during the day and might miss more than three days of work a month. On March 28, 2006, his office stated that she would be "on medical leave for 6 months," but would be able to return to "regular work duties" on September 29, 2006. Tr. 433, 433A.

Although she testified that she experiences nausea and fatigue as a result of the Gleevec, the medical records do not indicate that she has complained of any severe problems. Furthermore, she testified that the side effects of the medication would not be sufficient to interfere with her working. Tr. 703. When she was asked at the hearing whether any doctor had mentioned any restrictions or limitations because of her condition, she responded that Dr. Tuttle told her "Try to stay steady every day and not one day do a bunch of stuff and then the next day I can't do nothing." Tr. 705.

While plaintiff complains that the ALJ inaccurately suggested that she had returned to part time work, this appears to be a misreading of the decision. The ALJ noted that Ms. Gray had continued to work (part time) even after her intensive chemotherapy began, but the undersigned finds no indication that the ALJ thought Ms. Gray had worked even part time since November 16, 2006.

It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). Whether there is substantial evidence to support an opposite determination, or whether the undersigned would have decided these questions differently is irrelevant. The sole question is whether substantial evidence supports the findings of fact of the ALJ. This question must be answered affirmatively in this case.

An order in conformity has this day entered.